SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| FRANK J. CONTI, | ) Arizona Supreme Court |
| | ) No. CV-02-0229-AP/EL |
| Plaintiff-Appellant, | ) |
| | ) Maricopa County |
| v. | ) Superior Court |
| | ) No. CV 2002-012089 |
| DAVID B. BISHOP; MARICOPA COUNTY | ) |
| BOARD OF SUPERVISORS; HELEN | ) |
| PURCELL, in her official capacity | ) |
| as Maricopa County Recorder; KAREN | ) |
| OSBORNE, in her official capacity | ) **MEMORANDUM DECISION** |
| as Maricopa County Elections | ) (Not for Publication - |
| Director, | ) Ariz. R. Sup. Ct. 111) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |
| _____ | ) |

Appeal from the Superior Court of Maricopa County
The Honorable Mark W. Armstrong, Judge
AFFIRMED

_____

Frank J. Conti, Pro Se                                        Phoenix

H.M. Bohlman                                                    Tempe
Attorney for David B. Bishop

Richard M. Romley, Maricopa County Attorney                  Phoenix
By   Jill M. Kennedy, Deputy County Attorney
     and  Otis Smith, Deputy County Attorney
Attorneys for Maricopa County Board of Supervisors,
Helen Purcell, and Karen Osborne

_____

M c G R E G O R, Vice Chief Justice

¶1       Frank Conti, a candidate for Justice of the Peace in the
Central Phoenix precinct, filed an election challenge in superior
court challenging numerous signatures on David Bishop's nominating

petitions for the same office. *See* Arizona Revised Statutes (A.R.S.) § 16-351.A (Supp. 2001). In addition, Conti alleged that Bishop's failure to timely file an amended Statement of Organization (Statement) for his political committee required that his name not be placed on the Republican primary ballot. The trial court entered judgment for Bishop and the County defendants. We previously issued an order affirming the superior court judgment. *Conti v. Bishop*, No. CV-02-0229-AP/EL, Order (July 17, 2002). This decision explains our order. We exercise jurisdiction pursuant to A.R.S. section 16-351.A.

¶2      Bishop filed his Statement on March 25, 2002. The Statement listed the office sought as "East Phx. JP #1." Within hours of filing the Statement, Bishop realized that, although he currently resided in the East Phoenix #1 Justice of the Peace precinct, newly-adopted precinct lines placed him in another precinct for the 2002 election. He then telephoned the Maricopa County Elections Department to correct the error. Prior to posting the Statement as a public record, an elections department employee changed the Statement to indicate that Bishop sought the office of "Central Phx. JP" and noted, "KP-per candidate by phone 3/25/02." Bishop filed an amended Statement on June 28, 2002 and paid a civil penalty pursuant to A.R.S. section 16-924. All the petitions Bishop circulated indicated that he sought the office of Justice of the Peace in the Central Phoenix precinct.

¶3     The relevant statutes require that candidates file an amended Statement within five days after any information contained in the Statement changes, but do not explicitly provide a penalty for failure to timely file the amendment. *See* A.R.S. § 16-902.01.D (Supp. 2001). Section 16-924, however, provides that the county attorney may serve a candidate with an order requiring compliance with the campaign finance statutes, including section 16-902.01. A.R.S. § 16-924.A (Supp. 2001). In the absence of compliance by a candidate, the county attorney may assess a civil penalty not exceeding one thousand dollars. A.R.S. § 16-924.B. Bishop was assessed, and he paid a civil penalty when he filed his amended Statement. The statutes do not call for disqualification, and we decline to require such a penalty here.[1]

¶4     Conti argues that Bishop should be disqualified from appearing on the ballot because he obtained all his petition signatures before he amended his Statement. No evidence of record shows either that Bishop intended to defraud anyone who signed his nominating petitions or that any person who signed Bishop's petitions was actually misled. Rather, the evidence shows that Bishop's Statement, when posted as a public record, and all Bishop's nominating petitions correctly indicated that he sought

---

[1]     We do not decide whether, in situations such as those involving allegations of an intent to defraud voters, disqualification would be the proper penalty for failing to comply with the statutes.

the Office of Justice of the Peace in the Central Phoenix precinct.

¶5        Conti also challenges all the signatures on two of Bishop's petitions because the circulators failed to properly complete the verification on the back of the petition. On petition number 11, the circulator failed to fill in the blank regarding the county in which she was eligible to register to vote. On petition number 21, the circulator listed a post office box rather than her residence address.

¶6        In light of Arizona's policy of encouraging citizen participation in the electoral process, we look for substantial compliance with petition requirements when assessing the effect of petition errors. *Clifton v. Decillis*, 187 Ariz. 112, 113, 927 P.2d 772, 773 (1996). The circulators here substantially complied with the requirements of section 16-321, which requires only that petition circulators be qualified to vote in Arizona. *See* A.R.S. § 16-321.C (Supp. 2001).

¶7        The circulator who failed to fill in the county in which she was eligible to register included her residence address, which clearly indicates that she is a resident of Maricopa County. In addition, she circulated six other petitions for Bishop, and on all those petitions included the Maricopa County designation. The circulator who failed to include her residence address, using a post office box instead, holds an order of protection. We agree with the trial judge that she could choose not to put her safety at

4

risk by making her residence address public record, so long as she provided an address at which she could be reached.

¶8        Finally, Conti argues that twenty signatures must be invalidated because the signers are not registered to vote at their current residence address within the Central Phoenix Justice of the Peace precinct.  Conti argues that these people were not qualified to vote for Bishop at the time they signed his petition.  *See* A.R.S. § 16-322.A.7 (Supp. 2001).  Bishop and the County defendants counter that *Pacuilla v. Cochise County Board of Supervisors*, 186 Ariz. 367, 923 P.2d 833 (1996), requires that the signatures be deemed valid.  Because Bishop obtained 325 otherwise valid signatures and needed only 291, these twenty signatures could not affect Bishop's ballot status.  Accordingly, we do not decide this issue.

¶9        For the foregoing reasons, we affirm the judgment of the superior court.


_____
                Ruth V. McGregor, Vice Chief Justice

CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Stanley G. Feldman, Justice


5

_____
Michael D. Ryan, Justice


Justice Rebecca White Berch did not participate in the determination of this matter.